Corwin, - C. J.
This is a writ of error to the court of common pleas of Washington county, reserved for decision in this court.
*At the October term, a. d. 1850, Wilson, the plaintiff m error, was indicted, under section 1 of the act of February 27,1834, for administering medicine to Catharine Dunn, a pregnant woman, with intent thereby to procure miscarriage. Upon this indictment he was tried and convicted at the April term following. On the trial, counsel asked the court to charge the jury, “ that if fromtho testimony they should find that said medicine was administered after the said Catharine Dunn had been five months pregnant, he (Wilson) could not be convicted under the statute on this indictment.” This charge the court refused to give, and the counsel excepted.
After verdict, Wilson, by his counsel, made a motion for a new trial, and assigned for cause :
1. That the verdict of the jury was contrary to evidence.
2. That the verdict was against the weight of evidence.
3. That the verdict was received in the absence of the defendant and his counsel, without his knowledge or consent; and without giving him an opportunity to be present in court at the receiving of the verdict. ,
This motion was overruled, and counsel excepted.
*279 These rulings are now assigned for error. And the first question presented by the assignment is the refusal of the court of common pleas to give the charge which was asked by counsel. This point is not argued by Wilson’s counsel, and the reason upon which the charge was asked - is not apparent. Section 1 of the act of 1834, on which the indictment was found, provides “ that any physician or other person, who shall willfully administer to any pregnant woman, anj^ medicine, drug, substance, or thing whatever, with intent thereby to procure the miscarriage of any such woman, unless the same shall have been necessary to preserve the life of such woman, or shall have been advised by two physicians to bo necessary for that purpose, shall, upon conviction, be punished by imprisonment in the county-jail, not *more than one year, or by fine, not exceeding five hundred dollars, or by both such fine and imprisonment.”
This section is general in its provisions as to time, and to say that the offense could only be committed during the first five months of pregnancy, would seem to us like amending instead of construing it. Wo hold the offense to be complete if the medicine, drug, substance, or thing be administered, or instrument used, with the intent prescribed, at any time during the period of gestation.
The crime specified in section 2 differs from the offense in section 1 in several particulars. Under section 2, to make the crime complete, the means must be employed after and not before the period of quickening, and the child must be destroyed, or the mother lose her life thereby. We think the court of common pleas did not err in refusing the charge that was sought.
We are asked to reverse the judgment, upon the ground that the court of common pleas erred in overruling the motion for a new trial; and it is claimed that the the verdict is “ contrary to evidence ” and “ against the weight of evidence.” Whatever the fact may be, the record does not sustain this proposition. The bill of exceptions does not purport to set out all that was proved. In fact, it informs us that other things than those set out were proved, and, as it can not be presumed that the court below committed error, we are left to infer that the evidence sustained the verdict. The cases of Wagers v. Dickey, 17 Ohio, 439, and Hicks v. Person, 19 Ohio, 447, are regarded as decisive on this point.
The remaining error assigned is, that the verdict was received in the absence of the defendant below. If he had been in prison, *280 or had been prevented by improper means from being present when the verdict was rendered, we should regard this as a fatal error.
In Rose v. Ohio, 20 Ohio, 33, it was held, that “ it was the right of the prisoner to be present at the time the verdict was rendered, and if deprived of this right by imprisonment, or *any other improper manner, the verdict should not be followed by judgment.”
Bxit the defendant was not imprisoned, nor was he prevented by any improper moans from being present at the rendition of the verdict. He was at large upon his own recognizance, and presumed to be present, if he kept it.
He can not, in such a case as the present, voluntarily absent i himself at the moment the verdict is rendered, and take advantage of that absence to avoid judgment upon the verdict.
The judgment is affirmed.